1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERTEL HICKMAN, | No.  1:22-cv-00450-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| KELLY SANTORO, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| Defendants. | (ECF No. 8) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff William Vertel Hickman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint and granted leave to amend.  (ECF No. 7.)  Plaintiff's first amended complaint, filed on July 20, 2022, is currently before the Court for screening.  (ECF No. 8.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.,*

572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires

sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff is currently housed at California Correctional Center at Lassen, in Susanville,

California.  Plaintiff alleges the events at issue occurred at North Kern State Prison.  Plaintiff

names as defendants: (1) Warden Kelly Santoro, (2) John Doe, medical staff, (3) John Doe 1,

"officials," (4) John Doe 2, Inspector General.

Plaintiff alleges as follows. In claim 1, Plaintiff alleges a cruel and unusual punishment

violation from Covid 19.

> "Due to the various Covid-19 viruses, I have been put at serious risk due to
> the exposure to my health and well-being not being allowed to proper social
> distancing (6 ft apart) because N.K.S.P. medical staff John Does as well as N.K.S.P
> officials John Does 1 and Warden Kelly Santoro neglecting thorough medical
> evaluations for myself when I was infected by the many Covid 19 viruses before
> integrating into main population, as well as, N.K.S.P. officials not properly testing,
> diagnosing or producing test results."

In claim 2, Plaintiff claims deliberate indifference:

> "N.K.S.P. Officials John Doe 1 and Kelly Santoro, Warden unconstitutionally extended my period of incarceration and violated my Due Process rights of the 5th, 6th, 8th and 14th Amendments of the Constitution based on the Covid 19 protocol pertaining to social distancing and also the N.K.S.P. Official John Doe 1 deprived me the ability to quarantine myself which causes an unsafe environment."

Plaintiff seeks compensatory damages.

### III.   Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim.

### A.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is short, but it lacks sufficient factual allegations to state a claim for relief.  Plaintiff's complaint relies on generalized and conclusory allegations and lacks specific factual allegations about what happened, who was involved and what each person did to violate Plaintiff's Constitutional rights.  Most of Plaintiff's allegations are vague and conclusory statements that do not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Plaintiff may not simply recite the elements of various causes of action without supporting factual allegations, or state in a conclusory fashion that Plaintiff's rights were violated.  Despite being provided the relevant pleading standards, Plaintiff fails to include factual allegations identifying what happened, which Defendant was involved, and how the actions or inactions of each

Defendant violated Plaintiff's rights.  Plaintiff has been unable to cure this deficiency.

**B.     Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be
> subjected, any citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution . . . shall be liable to the
> party injured in an action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link any named defendant to any claims in his complaint.  Plaintiff names each defendant, but does not allege what each Defendant did or did not due which violated his rights.  Plaintiff was informed that to state a claim for relief under section 1983, Plaintiff must link each named individual defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Conclusory allegations are insufficient to link any named Defendant to any actions or omissions that may have violated Plaintiff's rights.

**C.     Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendants Santoro, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th

4

Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washing*ton, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff fails to allege that Defendant Santoro, or any defendant, participated in or directed the violations, or knew of the violations and failed to act to prevent them.  Plaintiff's conclusory allegations that are insufficient. Plaintiff may not sue an official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679. In other words, wardens are not liable based solely on their role in supervising prisons.  Plaintiff has failed to allege the causal link between any defendant and the claimed constitutional violation which must be specifically alleged.  Plaintiff does not make a sufficient showing of any personal participation, direction, or knowledge on any defendant's part regarding any other prison officials' actions.  Plaintiff has again failed to allege that these defendants personally participated in any alleged deprivations.

### D. Eighth Amendment

#### 1. Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff may be alleging that prison staff did not take measures to prevent him from contracting COVID-19, he does not allege what kind of treatment, if any, he received after he contracted COVID-19. Plaintiff alleges only that he "was infected by the many Covid 19 viruses before integrating into main population, as well as N.K.S.P. officials not properly testing, diagnosing or producing test results." However, Plaintiff fails to allege any factual support that any defendant was deliberately indifferent to his medical needs once he contracted Covid 19.

Furthermore, as noted above, Plaintiff has failed to link any individual defendant to the events alleged.  Despite being provided the relevant pleading standards, Plaintiff has been unable to cure this deficiency.

### 2.    Conditions of Confinement

Plaintiff may be attempting to bring a conditions of confinement claim regarding the spread of COVID-19 due to lack of social distancing and inability to quarantine.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc).  Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation.  *Farmer*, 511 U.S. at 834.  "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted).  Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted).  Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837.  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and

only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837–45.

COVID-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that the "medical staff" and "officials" have not done enough regarding overcrowding or prison movement or housing assignment to control the spread. *See Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); *see Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); *Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, No. 1:21-CV-00370 NONE BAM (PC), 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021) (Failed to state a claim on allegations that overcrowding/lack of distance between inmates has exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no way to socially distance, among other conditions.); *Sanford v. Eaton*, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 1308193, at *8 (E.D. Cal. May 2, 2022), report and recommendation adopted, No. 1:20-CV-00792 JLT BAM(PC), 2022 WL 2181782 (E.D. Cal. June 16, 2022) (in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and any other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread.); *Fernandez v. Gamboa,* No. 21-CV-01748 JLT BAM (PC), 2022 WL 658590, at *8 (E.D. Cal.

Mar. 4, 2022) (the actions of Defendants may not have been effective or a "perfect response," but the numerous efforts undertaken demonstrate that Defendants were engaged in active conduct to manage the spread of the virus.)

The Court notes that overcrowding, by itself, is not a constitutional violation.  *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d at 1248–49 (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995); *see Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) (allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment.); *see also Rhodes v. Chapman*, 452 U.S. at 348–49 (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment).  An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation.  *See Balla*, 869 F.2d at 471; *see, e.g.*, *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (as amended) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, and communicable disease among inmate population); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that Eighth Amendment violation may occur as result of overcrowded prison conditions causing increased violence, tension, and psychiatric problems).

The transmissibility of the COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges, liberally construed, involved the placement of inmates infected with COVID-19 with inmates who tested negative for COVID-19, are sufficient to satisfy the objective prong, i.e., that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm."  The pertinent question in determining whether Plaintiff states a claim is whether defendants' actions demonstrated deliberate indifference to that risk of harm.  The key inquiry is not whether the defendants perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded

reasonably to the risk." *See Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); *accord Benitez, v. Sierra Conservation Center*,  1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); *Sanford v. Eaton*, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 1308193, at *8 (E.D. Cal. May 2, 2022) (same); *Fernandez v. Gamboa,* No. 21-CV-01748 JLT BAM (PC), 2022 WL 658590, at *8 (E.D. Cal. Mar. 4, 2022) (same).

Plaintiff finds fault with how John Doe "officials" and "medical staff" responded. Plaintiff does not adequately allege who and how these defendants were deliberately indifferent to the spread of the disease.  As Plaintiff was previously instructed, Plaintiff must allege factual support to show that any purported defendant disregarded a known risk or failed to take any steps to address the risk.  *Wilson*, 961 F.3d at 843 (6th Cir. 2020); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (failure to state a claim where defendants were trying "alternatives" to manage the situation.); *Benitez, v. Sierra Conservation Center*, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same).

As stated above, Plaintiff failed to link named defendants and provide factual support of what each defendant did or did not do which allegedly violated Plaintiff's constitutional rights. Plaintiff has been unable to cure this deficiency.

**E. Habeas Corpus – Early Release**

Plaintiff may be seeking his release. (ECF No. 8, p. 4 (defendants "unconstitutionally extended my period of incarceration.")

To the extent that Plaintiff is attempting to challenge the validity of his conviction and his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus.  It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and that their sole remedy lies in habeas corpus relief.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").  The Supreme Court has never held

there is a constitutional right to early release from a term of imprisonment.  *See Heck v. Humphrey*, 512 U.S. 477 (1994) (in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid.); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

## IV.     Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

///

///

///

///

11

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 25, 2022**                        /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE